UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOROTHY YORK                                        CIVIL ACTION

VERSUS                                              NO. 15-251-BAJ-RLB

ALL ABOARD AMERICA!
HOLDING INC., ET AL.

# NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 2, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DOROTHY YORK | CIVIL ACTION |
| VERSUS | NO. 15-251-BAJ-RLB |
| ALL ABOARD AMERICA! HOLDING INC., ET AL. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is Plaintiff's Motion to Remand. (R. Doc. 5). Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). Defendants have not filed an opposition as of the date of this Order. The Court will, however, consider the record in this matter, including the Notice of Removal, in determining whether remand is proper. For the reasons provided below, Plaintiff's Motion to Remand should be denied.

**I.    Background**

On March 12, 2015, Dorothy York ("Plaintiff") filed this suit in the 18th Judicial District Court for Iberville Parish, Louisiana ("State Court"), naming as defendants All Aboard America! Holding Inc. ("All Aboard") and Lancer Insurance Company (collectively, "Defendants"). Plaintiff alleges that on June 7, 2014, she was injured while exiting an All Aboard bus that had transported her from St. Gabriel, Louisiana to the Beau Rivage Casino in Biloxi, Mississippi. (R. Doc. 1-1 at 3). Plaintiff alleges that she incurred severe neck, shoulder and back injuries as a result of the fall, has "undergone neck surgery consisting of multi level fusions and may require additional surgery in the future." (R. Doc. 1-1 at 3). Plaintiff seeks recovery for past and future medical expenses, physical pain and suffering, mental pain and suffering, loss of enjoyment of life, permanent injuries and disability, and other unknown damages. (R. Doc. 1-1 at 4).

On April 22, 2015, All Aboard removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). All Aboard asserts that all of the parties are diverse, as Plaintiff is a citizen of Louisiana, All Aboard is a citizen of Arizona, and Lancer Insurance Company is a citizen of New York. (R. Doc. 1 at 2). All Aboard further asserts that the amount in controversy requirement is satisfied based on the Petition and Plaintiff's representation that she needs to undergo spinal surgery. (R. Doc. 1 at 2-3). At the time of removal, All Aboard stated that a copy of its "Notice of Removal is being filed with the Clerk of Court of the above referenced state court in conformity with 28 U.S.C. § 1446(d)." (R. Doc. 1 at 1).

On May 7, 2015, Plaintiff filed the instant Motion to Remand. (R. Doc. 5). Plaintiff states that after removal, on April 29, 2015, she filed an Amended Petition for Damages in State Court, adding as a defendant Hotard Coaches, Inc. ("Hotard") (R. Doc. 5 at 1). Plaintiff's sole argument is that its post removal amendment in state court successfully added a non-diverse defendant and, therefore, the court no longer has diversity jurisdiction. (R. Doc. 5 at 2). In addition to remand, Plaintiff seeks recovery of reasonable attorney's fees and costs incurred in conjunction with preparing the motion. (R. Doc. 5 at 3).

II.     **Law and Analysis**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The jurisdictional facts must be judged as of the time the complaint is filed. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28

U.S.C. § 1447(c). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000." 28 U.S.C. § 1332(a)-(a)(1).

"It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *See In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) (*citing Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939)). Nevertheless, Plaintiff argues that the post-removal Amended Petition filed in state court controls the court's analysis regarding whether the named parties are diverse. The court must, therefore, determine whether the original Petition or the post-removal Amended Petition is the operative state court pleading for analyzing diversity jurisdiction.[1]

The state court loses jurisdiction, and the federal court gains exclusive jurisdiction, when the removing defendants file a copy of the notice of removal with the state clerk of court. 28 U.S.C. § 1446(d).[2] The Fifth Circuit has interpreted Section 1446 as ending a state court's jurisdiction once the state court has actual or constructive notice of the removal. *See Medrano v. Texas*, 580 F.2d 803 (5th Cir. 1978) (state court's constructive notice of petition of removal is sufficient to deprive it of jurisdiction despite defendant's failure to file copy of notice of removal in state court); *Adair Pipeline Co. v. Pipeliners Local Union*, 325 F.2d 206 (5th Cir. 1963) (handing state judge notice of removal in open court provides notice of the removal to the state court even if the defendant has not filed notice of the removal with the state clerk of court). Furthermore, if the removing defendants provide notice to the plaintiffs of the removal, and the

---

[1] Plaintiff does not dispute that the amount in controversy requirement is satisfied.
[2] "Promptly after the filing of [the] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

plaintiffs subsequently participate in state court proceedings, the court will presume that constructive notice of the removal to the state court was accomplished because the plaintiffs have a duty to advise the state court of the removal. *See Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) (presuming that the plaintiffs "properly discharged their duty to the state court and advised the court of the removal" where defendants notified plaintiffs of the removal and maintained that they sent a copy of the removal petition to the state court clerk, but the state court record did not reflect the receipt of a copy of the petition).

Plaintiff has not controverted All Aboard's allegation that at the time of removal All Aboard was providing Plaintiff and the State Court with notice of the removal. (R. Doc. 1 at 1). The record before this court supports the conclusion that the State Court received actual or constructive notice of the removal prior to the filing of the post-removal Amended Petition. Plaintiff has not argued that the state clerk of court did not receive actual notice of the removal prior to the filing of the Amended Petition. The court will also presume that Plaintiff informed the State Court of the removal prior to filing the Amended Petition. *See Dukes*, 770 F.2d at 547. Accordingly, the State Court lost jurisdiction, and this court gained exclusive jurisdiction, prior to Plaintiff's filing of the Amended Petition. 28 U.S.C. § 1446(d); *see also Medrano*, 580 F.2d at 804 (once the state court has notice of the removal, any further proceedings in the state court action are void).

Based on the foregoing, the court concludes that the original Petition is the operative state court pleading at the time of removal. Hotard is not a defendant in this case. Any attempt to amend that Petition should have been submitted to this court in accordance with the Federal

Rules of Civil Procedure. Accordingly, the court concludes that it has diversity jurisdiction based on the allegations in the operative pleading in this matter, the original Petition.[3]

## III. Conclusion

Based upon All Aboard's uncontroverted assertions in the Notice of Removal, there was complete diversity in this action at the time of removal. Plaintiff's post-removal filing of an Amended Petition in State Court seeking the addition of a non-diverse defendant does not destroy diversity or otherwise deprive this court of jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 2, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The court makes no determination as to whether Plaintiff should be permitted to amend his petition at this time to add any additional parties. To the extent the addition of any non-diverse defendant is permitted, remand may be required at that time.