UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DOROTHY YORK | CIVIL ACTION |
| VERSUS | NO. 15-251-BAJ-RLB |
| ALL ABOARD AMERICA! HOLDING INC., ET AL. | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 16, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOROTHY YORK                                              CIVIL ACTION

VERSUS                                                    NO. 15-251-BAJ-RLB

ALL ABOARD AMERICA!
HOLDING INC., ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion for Leave to File Amended Complaint. (R. Doc. 9). The Motion is opposed. (R. Doc. 13). For the reasons provided below, Plaintiff's Motion should be **GRANTED**, and the matter should be **REMANDED** to the 18th Judicial District Court for Iberville Parish, Louisiana, for lack of subject matter jurisdiction.

### I. Background

On March 12, 2015, Dorothy York ("Plaintiff") filed this suit in the 18th Judicial District Court for Iberville Parish, Louisiana ("State Court"), naming as defendants All Aboard America! Holding Inc. ("All Aboard") and Lancer Insurance Company (collectively, "Defendants"). Plaintiff alleges that on June 7, 2014, she was injured while exiting an All Aboard bus that had transported her from St. Gabriel, Louisiana to the Beau Rivage Casino in Biloxi, Mississippi. (R. Doc. 1-1 at 3).

On April 22, 2015, All Aboard removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and provided the state court with notice of the removal. (R. Doc. 1). Nevertheless, Plaintiff sought to amend the Petition in state court to add Hotard Coaches, Inc. ("Hotard"), a subsidiary of All Aboard, as a defendant. Plaintiff also sought remand of this matter because the addition of Hotard would destroy diversity. (R. Doc. 5). Because the action had been removed prior to the filing of the amended Petition in state court, the undersigned submitted a Report and Recommendation (R. Doc. 7) recommending that the district judge find that there was

1

complete diversity between the named parties at the time of removal and diversity jurisdiction was satisfied. On July 2, 2015, the district judge adopted the Report and Recommendation and denied Plaintiff's motion to remand. (R. Doc. 14).

Plaintiff filed the instant motion for leave to amend the Petition on June 5, 2015. (R. Doc. 9). Plaintiff essentially seeks leave to amend her Petition in the same manner in which she sought to amend it in state court after removal. In the proposed Amended Petition for Damages, Plaintiff alleges that Hotard is a wholly owned subsidiary of All Aboard; Hotard owned and operated the bus at issue; and the social club to which Plaintiff was a guest contracted with Hotard for the purchase of Plaintiff's bus ticket. (R. Doc. 9-2 at 1-3). Plaintiff further alleges that "All Aboard had the duty to supervise the management and operations of Hotard and knew or should have known that Hotard was not properly training its bus operators." (R. Doc. 9-2 at 3). Finally, Plaintiff alleges that both Hotard and All Aboard are insured by Lancer. (R. Doc. 9-2 at 3).

In opposition, Defendants argue that Plaintiff is seeking to amend her Petition solely to defeat diversity. (R. Doc. 13 at 6-7). In support of this argument, Defendants argue that Plaintiff is simply seeking to replace All Aboard with Hotard with regard to the claims, and further assert that All Aboard had a duty to supervise Hotard as its parent company. (R. Doc. 13 at 7). Defendants also argue that Plaintiff will not be significantly injured if the amendment is not allowed because she is "making the same allegations against Hotard that she made against All Aboard." (R. Doc. 13 at 7).

**II.  Law and Analysis**

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule

2

"evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The court has ruled that at the time of removal there was complete diversity between the named parties. (R. Doc. 14). The Notice of Removal alleges that Plaintiff is a citizen of Louisiana, All Aboard is a citizen of Arizona, and Lancer Insurance Company is a citizen of New York. (R. Doc. 1 at 2). There is no dispute that Hotard, like Plaintiff, is also a citizen of Louisiana. Through his proposed Amended Complaint, Plaintiff represents that Hotard is a "Louisiana Business Corporation." (R. Doc. 9-2 at 1). Likewise, in his Motion to Remand, Plaintiff asserted that Hotard is a Louisiana citizen. (R. Doc. 5 at 2). Defendant has not argued otherwise, and essentially concedes in its Opposition to Plaintiff's Motion to Amend that Hotard is a Louisiana citizen like Plaintiff. Defendant essentially concedes that Hotard is a Louisiana citizen in in its Opposition and does not argue that diversity would be present if Hotard were added. Accordingly, the addition of Hotard as a defendant would destroy complete diversity, a requisite for the exercise of diversity jurisdiction, as both Hotard and Plaintiff are citizens of Louisiana.

When the amendment seeks to add a nondiverse party that would destroy jurisdiction altogether, the court also must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The *Hensgens* factors require a balancing of the parties' competing

3

interests while determining: (1) the extent to which the amendment's purpose is to defeat federal jurisdiction; (2) whether the plaintiff was diligent in amending the complaint; and (3) whether the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id*. With regard to the first factor, "when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction," even if the plaintiff should have known the identity of the nondiverse defendant at the time the initial complaint was filed. *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005).

Here the first factor—whether the primary purpose of the amendment is to defeat federal jurisdiction—favors amendment. Plaintiff seeks to add Hotard as a defendant because, according to Plaintiff, it operated the bus which provided transportation to the Plaintiff on the date of her alleged injuries. Defendant does not dispute Plaintiff's assertion, arguing only that Plaintiff is attempting to defeat diversity by adding Hotard to this suit. While it is unclear why Plaintiff did not add Hotard as a defendant to the original petition, it is clear that Plaintiff is seeking to identify Hotard (and not All Aboard) as the entity that sold the bus tickets, owned and operated the bus, and employed the bus driver. If these allegations are true, then Plaintiff could have a valid claim specific to Hotard. The very fact that Plaintiff is seeking to substitute Hotard as a defendant in place of All Aboard on its primary theories of liability simply underscores that Plaintiff's primary purpose in seeking to add Hotard as a defendant is not to defeat diversity.

The second factor—whether the plaintiff was diligent in seeking to add the non-diverse party—also favors amendment. The procedural history of this action indicates that Plaintiff has been diligent in seeking to add Hotard as a defendant. Plaintiff filed her Petition on March 12, 2015 and Defendants removed the action on April 22, 2015. Plaintiff not only sought to amend the

4

Petition to name Hotard on April 29, 2015 in state court (despite the fact the action was removed) but also sought to amend the Petition to name Hotard within days of the undersigned's recommendation that the court should exercise diversity jurisdiction. Nothing in this timeline suggests that Plaintiff has been dilatory in seeking to amend the Petition. Defendant has made no assertion to the contrary. In light of the above, the court finds that Plaintiff has been diligent in seeking leave to amend the Petition.

The third factor—whether denial of the amendment will cause the plaintiff significant injury—also favors amendment. Defendants argue that Plaintiff's claims against Hotard and All Aboard are interchangeable, therefore denying the motion would not result in injury to Plaintiff. This argument is without merit. In the Amended Petition, Plaintiff states that Hotard "had the duty to exercise the highest degree of care in transporting [Plaintiff] to her destination," and "All Aboard had the duty to supervise the management and operations of Hotard." (R. Doc. 9-2 at 3). Based on these assertions, Plaintiff has alleged that Hotard and All Aboard breached separate duties and are liable under different theories of recovery. As acknowledged by Defendants, Plaintiff is seeking to not only add Hotard as a defendant, but to replace its factual allegations regarding All Aboard's involvement in the incident to assert that Hotard (and not All Aboard) was the actual entity involved in those factual allegations. Denying Plaintiff the right to amend her Petition to name the actual entity involved in issuing tickets and transporting the Plaintiff could open Plaintiff to potential defenses by All Aboard regarding its alleged lack of direct involvement in the accident or otherwise confuse the trier of fact as to the proper tortfeasor. Accordingly, the court finds that Plaintiff would be injured if the motion is denied.

In short, the court concludes that the balance of the competing interests and equities in this particular case weighs in favor of allowing Plaintiff to amend her Petition to name Hotard as a defendant.

### III.  Conclusion

Based on the foregoing, each factor set forth in *Hensgens* favors amendment in this case. Plaintiff has stated a viable claim against Hotard; there is no suggestion that Plaintiff has been dilatory in seeking to amend; and denying the motion would result in significant injury to Plaintiff. The addition of Hotard as a defendant in this action shall destroy complete diversity and will deprive this court of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion for Leave to File Amended Complaint should be **GRANTED**, and the Amended Petition for Damages (R. Doc. 9-2) should be entered into the record of this matter.

It is the further recommendation of the magistrate judge that after Plaintiff's Amended Petition for Damages is entered into the record, the court should **REMAND** this action to the 18th Judicial District Court for Iberville Parish, Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on July 16, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**