UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOROTHY YORK                                            CIVIL ACTION

VERSUS

ALL ABOARD AMERICA!                                     No. 15-00251-BAJ-RLB
HOLDING, INC., ET AL.

### RULING AND ORDER

On March 12, 2015, Plaintiff Dorothy York ("York" or "Plaintiff") filed a personal injury action against defendants All Aboard America! Holdings, Inc. ("All Aboard") and Lancer Insurance Company ("Lancer," collectively "Defendants") in the 18th Judicial District Court in Iberville Parish, Louisiana ("state court"). (Doc. 1-1). On April 22, 2015, Defendants removed the action to this Court citing diversity jurisdiction. (Doc. 1). Plaintiff filed a **Motion for Leave to File Amended Complaint (Doc. 9)** in this Court on June 5, 2015, seeking to add Hotard Coaches as a non-diverse defendant in the action.[1] (Doc. 9 at p. 1). Defendants opposed the Motion on the grounds that York sought to add the non-diverse defendant solely to defeat this Court's diversity jurisdiction over the action,

---

[1] York first filed an Amended Petition for Damages in state court on April 29, 2015, adding Hotard Coaches as a defendant to the action. (Doc. 9 at p. 1). Plaintiff then filed a Motion to Remand (Doc. 5) in this Court on May 7, 2015, which argued that this Court no longer had diversity jurisdiction over the action because Plaintiff's amended state court petition had added a non-diverse defendant. (*Id.* at p. 1–2). The Magistrate Judge recommended denying York's Motion to Remand because Defendants had removed the action to this Court prior to Plaintiff's filing of the Amended Petition for Damages in state court, and as such, the state court no longer had jurisdiction over this action when the Amended Petition for Damages was filed. (Doc. 7 at p. 4–5). This Court adopted the Magistrate Judge's recommendation denying the Motion to Remand on July 2, 2015. (Doc. 14).

1

18th JDC - certified

and that a balancing of the *Hensgens* factors weighed in favor of denying York leave to amend. (Doc. 13).

On July 15, 2015, United States Magistrate Judge Richard L. Bourgeois, Jr. issued a **Report and Recommendation (Doc. 15)**, pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the Court grant **Plaintiff's Motion for Leave to File Amended Complaint (Doc. 9)**, enter York's Amended Petition for Damages (Doc. 9-2) into the record of these proceedings, and remand this action to state court for lack of subject matter jurisdiction. The Magistrate Judge's Report and Recommendation specifically notified all parties that, pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen (14) days from the date they were served with the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. (Doc. 15 at p. 1). A review of the record indicates that Defendants timely submitted written objections on July 29, 2015. (Doc. 17).

Under Federal Rule ("Rule") of Civil Procedure 15, a party may amend her pleading with the opposing party's written consent or the court's leave, even after the opportunity to amend the pleading as a matter of course has passed. Fed. R. Civ. P. 15(a). The Rule encourages courts to "freely give leave when justice so requires." *Id.* However, if a plaintiff seeks to join a defendant to an action after removal, and joinder would destroy subject matter jurisdiction, the court has the discretion to either deny joinder or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). In *Hensgens*, the United States Court of Appeals for the

Fifth Circuit set forth a method to balance the two competing interests involved: avoiding "parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources," and acknowledging the diverse defendant's choice of and interest in retaining the federal forum. *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987). The Circuit instructed district courts in this circumstance to "scrutinize that amendment [which may add a non-diverse defendant to a removed case] more closely than an ordinary amendment" under Rule 15. *Id.* In doing so, the Fifth Circuit provided a non-exclusive list of factors that the district court should weigh in deciding whether to allow the amendment to add the non-diverse defendant, including (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," and (3) "whether plaintiff will be significantly injured if amendment is not allowed." *Id.* The Fifth Circuit also directed the district court to then seek input from the defendant to "balance the equities and decide whether amendment should be permitted." *Id.*

Here, the Magistrate Judge has diligently weighed the *Hensgens* factors and recommended that York be allowed to join Hotard Coaches as a non-diverse defendant and that the action be remanded to state court. The Court agrees with both the Magistrate Judge's reasoning and his conclusion. The Court writes only to address Defendant's objections to the Magistrate Judge's Report and Recommendation (Doc. 15).

Defendants' first objection is that the Magistrate Judge failed to consider whether York knew or should have known of Hotard Coaches' identity as a subsidiary of All Aboard when she filed her Petition in state court. (Doc. 17 at p. 2–3). Defendants argue that because this information is "public knowledge" that Plaintiff should have known prior to filing her action in state court, that the "only reason" Plaintiff would have for adding Hotard Coaches as a defendant after removal would be to defeat diversity. (*Id.*) Second, Defendants argue that York was dilatory in filing her amendment because "Plaintiff has cited no new facts as to why the Plaintiff waited until after the Motion to Remove to amend her petition to add Hotard." (*Id.* at p. 3). Defendants overlook the fact that it is not York's burden under *Hensgens* to "prov[e] that [either] factor affirmatively weighed in [her] favor." *Cf. Bethay v. Ford Motor Co.*, No. Civ. A. 99-0367, 1999 WL 496488, at *2-3 (E.D. La. July 13, 1999) (finding that *Hensgens* does not discuss burdens, and rejecting the defendant's argument that the plaintiff had the burden to "demonstrate the propriety of amendment"). Third, Defendants contend that All Aboard does not deny its supervisory responsibility for the actors involved, and that Lancer does not deny it is All Aboard's insurer. (Doc. 17 at p. 4). As such, Defendants aver that York need not pursue an individual lawsuit against Hotard Coaches in state court and, therefore, "is not prejudiced by any financial burden by forcing her to maintain parallel lawsuits in this matter. (*Id.* at p. 3–4). This argument dictates to Plaintiff the manner, form, and method of relief she should seek and is simply not

acceptable. In the instant case, the Magistrate Judge applied the correct legal standard and appropriately weighed the equities.

Having carefully considered the Magistrate Judge's Report and Recommendation, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report and Recommendation is correct, and hereby adopts its findings of fact and conclusions of law.

Accordingly,

IT IS ORDERED that the **Magistrate Judge's Report and Recommendation (Doc. 15)** is ADOPTED as the Court's opinion herein.

IT IS FURTHER ORDERED that **Plaintiff's Motion for Leave to File Amended Complaint (Doc. 9)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's **Amended Petition for Damages (Doc. 9-2)** shall be entered into the record of these proceedings.

IT IS FURTHER ORDERED that the above-captioned matter be REMANDED to the 18th Judicial District Court for Iberville Parish, Louisiana, for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, this 17th day of September, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA